# Exhibit

# A

ELECTRONICALLY FILED
5/7/2025 10:26 AM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHAEL J. HARDY, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | ***JURY TRIAL REQUESTED*** |
| | ) | |
| **v.** | ) | **CASE NO.:** |
| | ) | |
| **WAL-MART STORES EAST, LP,** | ) | |
| **a foreign limited partnership;** | ) | |

**FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the floor at the premises in question in this lawsuit; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding conditions that were hazardous to Plaintiff and other invitees at the premises in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect the location in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the materials used for travel by the persons at the premises in question and at issue in this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous condition to be present at the location in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Plaintiff; No. 5, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the person in question and at issue in this lawsuit; No. 6, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the materials at the premises in question and at issue in this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff while at the premises involved in the occurrence made the basis of this suit; No. 8, whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; No. 9, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit; No. 10, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities which reinsured or provided excess coverage; No. 13, whether singular or plural, that entity or those**

**entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the location in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.**

**)**
**Defendants. )**

## PLAINTIFF'S COMPLAINT

## PARTIES

1. Plaintiff, Michael J. Hardy (hereinafter "Plaintiff"), is an individual resident citizen of Montgomery County, Alabama and is over the age of nineteen (19) years of age.

2. Defendant, Wal-Mart Stores East, LP (hereinafter "Defendant"), is a foreign limited partnership doing business in the State of Alabama.

3. Fictitious Defendants, described above as numbers one (1) through eighteen (18), are those persons or entities whose names will be substituted upon learning their true identities.

## FACTS

4. On or about the 7th day of May 2023, Plaintiff was an invitee of Defendant in Montgomery, Alabama in Montgomery County, when Plaintiff suffered a fall resulting from a improperly maintained bench owned and operated by Defendant.

5. The bench was a hazardous condition.

6. Defendant was aware or should have been aware of the presence of the hazardous condition.

7. Defendant and/or employees of Defendant failed to remedy the dangerous condition and that failure caused Plaintiff to suffer harm.

8. Defendant and/or one or more of the other fictitious party defendants listed and described hereinabove, negligently, recklessly, and/or wantonly caused or allowed Plaintiff to fall and suffer injuries and damages to his person by failing to maintain its premises and/or failing to keep and maintain its premises free and clear of the hazardous condition of which they were aware or should have been aware of through their inspection of the premises for said hazardous condition. The Defendant, and one or more of the other fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous and/or dangerous condition, and were negligent and/or wanton in allowing or affirmatively creating a hazard of allowing the dangerous condition to be left and/or to remain on the premises in the path of invitees of Defendant, and were negligent and/or wanton in creating a hazard on the floor/walkway on the premises in the path of guests and/or invitees of Defendant.

9. As a proximate consequence of the Defendants' negligent and wanton conduct Plaintiff sustained physical injuries and disabilities as set forth below.

## COUNT ONE - NEGLIGENCE

10. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

11. At the aforesaid time and place, Plaintiff was an invitee of Defendant in Montgomery, Alabama in Montgomery County, when Plaintiff suffered a fall resulting from an improperly maintained bench.

12. Defendant's action(s) and/or omission(s) of the owner(s) and/or employee(s) of Defendant caused Plaintiff to suffer harm.

13. Defendant and one or more of the fictitious party defendants listed and described hereinabove, negligently caused or allowed Plaintiff to fall upon the floor of their premises due to their failure to keep and maintain their premises to be free and clear of the hazardous condition. Defendant and one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in affirmatively creating the hazard or not warning their patrons of said hazardous condition that was situated in a dangerous area and/or location inasmuch as it was located in an area that was regularly traveled by guests, patrons or invitees. Further, Defendants, whether named herein or fictitiously described hereinabove, were negligent in failing to warn Plaintiff of this dangerous condition that existed on their premises and was a hazard to their guests or invitees.

14. As a proximate consequence of the negligence of Defendants, Plaintiff was injured, harmed, and damaged as follows:

(a) He suffered injuries to various portions of his body;

(b) He has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

(c) He has experienced and continues to experience mental anguish;

(d) He is reasonably certain to experience mental anguish in the future;

(e) He was knocked, shocked, bruised, and contused over various portions of his body;

(f) He was permanently injured, disfigured, and damaged;

(g) He was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

(h) He was caused to incur out-of-pocket medical expenses;

(i) He is reasonably certain to incur personal injury medical expenses in the future; and,

(j) He was caused to incur lost wages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Wal-Mart Stores East, LP and/or fictitious party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it awards punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts, and which will effectively prevent other similar wrongful acts.

**COUNT TWO –WANTONNESS**

15. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

16. At the aforesaid time and place, Plaintiff was an invitee of Defendant in Montgomery, Alabama in Montgomery County, when Plaintiff suffered a fall resulting

from the wanton action(s) and/or omission(s) of the owner(s) and/or employee(s) of Defendant.

17. Defendant and one or more of the fictitious party defendants listed and described hereinabove wantonly caused or allowed Plaintiff to fall upon the floor at their premises and failed to keep and maintain its premises in a manner to be free and clear of the hazardous condition and to warn its invitees of the aforementioned conditions. The Defendant, and one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, were wanton and/or reckless in creating the hazardous condition of the bench used by guests or invitees and were wanton and/or reckless in affirmatively creating the hazard placed or allowed to remain on a route regularly used by its guests or invitees in a location that would likely lead to harm to its guests or invitees due to the location of the hazard.

18. As a proximate and direct result of Defendants' wrongful conduct as specifically mentioned above, Plaintiff has been injured and damaged as stated in paragraph number fourteen (14) above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Wal-Mart Stores East, LP and/or fictitious party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it awards punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts, and which

will effectively prevent other similar wrongful acts.

**COUNT THREE – PREMISES LIABILITY**

19. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

20. Defendant and/or one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed the dangerous condition to be placed or to remain upon the premises in an area that was used by its guests or invitees to move around the business.

21. At the aforesaid time and place, Defendant and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, were the owners or lessees of the property and as such had a duty and responsibility to provide Plaintiff a safe place to traverse common areas on the premises. Further, if any defects in their owned or leased premises existed, Defendant and/or the other fictitious party defendants as listed and described hereinabove had the duty to warn its guests, patrons, or invitees of hazards of which it knew or should have known that were not easily discoverable by the guests, patrons, or invitees. Said Defendants negligently, wantonly, recklessly, and/or willfully breached these duties by failing to provide Plaintiff with a safe place to traverse common areas on the premises and by failing to warn her of the hazard and/or defect which she encountered which was known to them or which they negligently failed to detect in their use, operation, and maintenance of and upon the premises. Said negligent, wanton, reckless, and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

22. Plaintiff avers that Defendants, whether named herein or fictitiously described in the caption hereinabove, negligently, wantonly, recklessly, purposely, intentionally,

willfully, or by design caused injury to Plaintiff. The Defendants, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, negligently, wantonly, recklessly, and/or willfully caused or allowed the hazardous condition to remain in a main travel area and failed to remedy the hazardous condition and/or address the unreasonably dangerous area, and said Defendants had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendants.

23. Plaintiff alleges that the injuries and damages were caused as a direct and proximate consequence of the negligent, willful, and/or wanton conduct and/or other wrongful conduct of the Defendants, and/or the fictitious party defendants listed and described hereinabove.

24. The aforesaid wrongful, negligent, willful, and/or wanton conduct of each of the above-described Defendants, including the fictitious party defendants, combined and concurred, and as a proximate cause thereof, Plaintiff was caused to be severely injured.

25. As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as stated in paragraph number fourteen (14) above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Wal-Mart Stores East, LP and/or fictitious party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff

and against each Defendant, and that it awards punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts, and which will effectively prevent other similar wrongful acts.

**COUNT FOUR - RESPONDEAT SUPERIOR**

26. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

27. Plaintiff avers and alleges that Fictitious Defendant 1-18 was the agent and employee of Defendant, and consequently, Defendant, and/or other fictitious defendants, are liable for any negligent and/or wanton acts or omissions committed by Fictitious Defendant 1-18 while he or she was acting within the line and scope of their employment.

28. Fictitious Defendant 1-18 negligently and/or wantonly caused or allowed the Plaintiff to fall on the occasion made the basis of this lawsuit, as aforesaid.

29. Fictitious Defendant 1-18 was acting within the line and scope of his or her employment on the occasion made the basis of this lawsuit.

30. As a proximate consequence of the negligence and/or wantonness of Fictitious Defendant 1-18, Defendant and/or other fictitious defendants, are liable to Plaintiff for the damages set forth above in paragraph fourteen (14).

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Wal-Mart Stores East, LP and/or fictitious party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it awards punitive damages to Plaintiff in an amount

which will adequately reflect the enormity of the Defendants' wrongful acts, and which will effectively prevent other similar wrongful acts.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully Submitted,

**/s/ Lauren A. Briscoe**
Lauren Alycee Briscoe (BRI091)
Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
P.O. Box 321128
Birmingham, Alabama 35212
Phone: (205) 203-4406
Facsimile: (205) 203-4364
Email: lbriscoe@asilpc.com

**SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

Wal-Mart Stores East, LP
c/o CT Corporations
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

ELECTRONICALLY FILED
5/7/2025 10:26 AM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHAEL J. HARDY, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:** |
| | ) | |
| **WAL-MART STORES EAST, LP,** | ) | |
| **a foreign limited partnership, *et. al.*** | ) | |

**PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART STORES EAST, LP**

COMES NOW Plaintiff in the above-styled cause and pursuant to the Alabama RULES OF CIVIL PROCEDURE propounds to Defendant, **Wal-Mart Stores East, LP**, to respond to these interrogatories and request for production.

You are reminded that under the provision of Rule 26(e), you are under a duty to reasonably supplement your responses with respect to any question directly addressed to: (a.) the identity and location of persons having knowledge of discoverable matter, and (b.) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he/she is expected to testify, and the substance of his/her testimony.

You are under a duty to reasonably amend a prior response if you obtain information upon the basis of which: (a.) you know the response was incorrect when made, or (b.) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend this response is, in substance, a knowing concealment.

**DEFINITIONS**

Unless otherwise indicated, the following definitions shall be applicable to the interrogatories:

a) "You" and "Yours" shall mean the defendant and each of its employees, agents, or representatives and all others acting on its behalf.

b) "Persons" shall mean any individual, partnership, firm association, corporation or other business, government, or legal entity.

c) "Document" shall mean any written, recorded, or transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

d) "Identify" or "Identification," when used with reference to person, shall mean to state the full name, present or last known address, home and work telephone numbers and position of employment.

e) "Identify" or "Identification," when used with a reference to a document, shall mean to state its date, author, signor, addressee, and all other means of identifying it and its present or last known location or custodian. If any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

f) "Incident" means the occurrence in the Walmart Supercenter, Store #4407 at 10710 Chantilly Parkway in Montgomery, Montgomery County, Alabama.

**INTERROGATORIES**

1. Are you named correctly in the complaint? If not, how should you be correctly designated in an action at law?

**RESPONSE:**

2. Please list and identify each employee of this Defendant who has knowledge, in any way, of the fall which made the basis of this suit.

**RESPONSE:**

3. Please state the most current information regarding the name, address, and telephone number of every employee who worked or was involved in where the incident made the basis of this suit occurred and state his/her position and job responsibilities.

**RESPONSE:**

4. Please identify each person who has knowledge concerning the facts surrounding the incident made the basis of this suit.

**RESPONSE:**

5. Please disclose any conversations or communications and the contents thereof between any employee, agent, owner, or affiliated party of this Defendant and Plaintiff or anyone connected with Plaintiff.

**RESPONSE:**

6. Please describe for how long and how often agents or employees such as maintenance staff cleaned, maintained, repaired, or managed the benches in the area where Plaintiff was injured on the date of this injury.

**RESPONSE:**

7. Please identify each person from which you have obtained a statement concerning the incident made the basis of this lawsuit.

**RESPONSE:**

8. Please identify the person, firm, and/or corporation who was responsible for maintaining the benches in the area in which Plaintiff was injured.

**RESPONSE:**

9. Please state whether you had any warning signs posted in the vicinity where Plaintiff fell at the time of the Plaintiff's injury.

**RESPONSE:**

10. Please state whether you were aware of the improperly maintained bench where Plaintiff fell.

**RESPONSE:**

11. Please state how the following defects to the bench inside the store came to be:

    a) Unattached from the floor

    b) Having multiple legs broken

    c) Having screws missing

    If you contend that the above-mentioned defects did not exist prior to or at the time of Plaintiff's fall, please explain the state of the bench at or near the time of the fall made the basis of this lawsuit.

**RESPONSE:**

12. If a bench or other seating in the area in which Plaintiff fell became broken or defective, please state what steps, if any, you would routinely take to remove it, repair it, and/or make

it clearly noticeable to customers and identify the individual responsible for performing the task.

**RESPONSE:**

13. Please identify each expert you plan on having testify at the trial of this case, including any and all medical experts. Additionally, please give a summary of the opinions which you expect each expert to testify at trial in compliance with Rule 26 and state in detail each and every fact upon which said expert reviewed prior to forming said opinions.

**RESPONSE:**

14. Please state in detail each and every fact known to you or made know to you through third parties concerning how the incident made the basis of this lawsuit occurred and identify each said person.

**RESPONSE:**

15. If you contend that Plaintiff was contributorily negligent in any manner whatsoever, please state each and every fact upon which you rely in support of said contention.

**RESPONSE:**

16. If you contend that Plaintiff assumed the risk of his injuries, please state each and every fact upon which you rely in support of said contention.

**RESPONSE:**

17. If you contend the hazard which caused Plaintiff to fall was open and obvious, please state each of every fact upon which you rely.

**RESPONSE:**

18. Please state in detail your knowledge, as well as each and every employee's knowledge, concerning the improperly maintained bench prior to Plaintiff's fall, how it came to be defective and how long said defect was present prior to Plaintiff's fall.

**RESPONSE:**

19. Please state whether you have any policy, procedure or safety program implemented regarding maintaining your store's benches and/or other seating areas. If so, please state the substance of said policy, procedure, or safety program.

**RESPONSE:**

20. Please state whether there is a video recording system inside the store.

**RESPONSE:**

21. Please state whether there is video footage of the incident.

**RESPONSE:**

22. If you contend the video recording system was not working, why was it not maintained and operating correctly?

**REPONSE:**

23. Please identify by name and address the individual responsible for answering these interrogatories.

**RESPONSE:**

24. Identify the insurance carrier and state the policy limits of each and every liability policy of insurance which will or may provide any coverage for this Defendant arising out of the incident made the basis of this lawsuit.

**RESPONSE:**

25. For all documents withheld from identification and/or production based upon only theory of privilege or other objection to any of Plaintiff's discovery requests served in this lawsuit, describe said document with particularity (i.e. – give a description of the document, state when the document was generated and state the subject matter of document).

**RESPONSE:**

**REQUEST FOR PRODUCTION OF DOCUMENTS**

1. Please produce a complete and accurate copy of any and all accident and/or incident reports concerning the incident made the basis of this suit, in addition to any and all documentation of the events surrounding the incident made the basis of this suit.

**RESPONSE:**

2. Please produce a complete and accurate copy of any security and/or surveillance video which captured and/or recorded the incident made the basis of this suit.

**RESPONSE:**

3. Please produce a copy of any still color photographs taken of Plaintiff at any time since the incident that is the basis of this suit.

**RESPONSE:**

4. Please produce a complete and accurate copy of any policy, procedure, or safety program in place at the time of the incident made the basis of this suit, regarding the maintenance of the benches and/or other seating areas within and around Defendant's facility, including but not limited to Defendant's facility where the incident made the basis of this suit occurred, to ensure a safe condition.

**RESPONSE:**

5. Please produce a complete and accurate copy of any and all documents, color photographs and/or videotapes that you intend to introduce into evidence at the trial of this case.

**RESPONSE:**

6. Please produce a complete and accurate transcript of any statements obtained from Plaintiff.

**RESPONSE:**

7. Please produce a complete and accurate transcript of any statements obtained by you, on your behalf, concerning the subject litigation.

**RESPONSE:**

8. Please produce a complete and accurate transcript of any correspondence between you and Plaintiff or his representative or between your representative and Plaintiff occurring before Plaintiff filed this suit.

**RESPONSE:**

9. Please produce the entire file of any expert that you intend to call to testify at the trial of this case.

**RESPONSE:**

10. Please produce a current *curriculum vitae* of any expert that you intend to call to testify at the trial of this case.

**RESPONSE:**

11. Please produce a list of each litigation case in which your expert has rendered an opinion or given sworn testimony in the past five (5) years.

**RESPONSE:**

12. Please produce a complete and accurate copy of any and all policies of insurance which will or may provide coverage to this Defendant in the subject litigation.

**RESPONSE:**

13. Please produce a copy of all records obtained regarding Plaintiff [You have a continuing duty to supplement this request. Additionally, please consider this a formal request for all records obtained pursuant to Rule 45 of the Alabama RULES OF CIVIL PROCEDURE].

**RESPONSE:**

Respectfully Submitted,

/s/ Lauren A. Briscoe
Lauren Alycee Briscoe (BRI091)
Attorney for Plaintiff

**OF COUNSEL**

ALEXANDER SHUNNARAH TRIAL ATTORNEYS, P.C.
P.O. Box 321128
Birmingham, Alabama 35212
Phone: (205) 203-4406
Facsimile: (205) 203-4364
Email: lbriscoe@asilpc.com

**TO BE SERVED WITH PLAINTIFF'S COMPLAINT**

Wal-Mart Stores East, LP
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

**/s/ Lauren A. Briscoe**
**OF COUNSEL**

AlaFile E-Notice

03-CV-2025-900681.00

To: JULIE DAVIS PEARCE
jpearce@gghblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MICHAEL J HARDY V. WAL-MART STORES EAST, LP
03-CV-2025-900681.00

The following answer was FILED on 6/11/2025 3:20:55 PM

Notice Date: 6/11/2025 3:20:55 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
6/11/2025 3:20 PM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHAEL J. HARDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action Number 03-CV-2025-900681** |
| | ) | |
| **WAL-MART STORES EAST, LP, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER**

COMES NOW Wal-Mart Stores East, LP, and in response to the Plaintiff's Complaint, state as follows:

**PARTIES**

1. Upon information and belief, admitted.

2. Admitted.

3. This paragraph does not require a response from this Defendant; however, to the extent a response is deemed required, Defendant denies these allegations and demands strict proof thereof.

**FACTS**

4. Defendant does not know the reason for which Plaintiff was in its store on the date in question. Further, Defendant cannot offer a legal conclusion as to Plaintiff's status on the date of this incident. Defendant denies the remaining allegations contained in this paragraph and demands strict proof thereof.

5. Denied. Defendant demands strict proof thereof.

6. Denied. Defendant demands strict proof thereof.

7. Denied. Defendant demands strict proof thereof.

8. Denied. Defendant demands strict proof thereof.

9. Denied. Defendant demands strict proof thereof.

**COUNT ONE – NEGLIGENCE**

10. This paragraph does not require a response from this Defendant; however, to the extent a response is deemed required, Defendant denies these allegation and demands strict proof thereof.

11. Defendant does not know the reason for which Plaintiff was in its store on the date in question. Further, Defendant cannot offer a legal conclusion as to Plaintiff's status on the date of this incident. Defendant denies the remaining allegations contained in this paragraph and demands strict proof thereof.

12. Denied. Defendant demands strict proof thereof.

13. Denied. Defendant demands strict proof thereof.

14. Denied. Defendant demands strict proof thereof.

Defendant denies that Plaintiff is entitled to recover damages as set forth in the *ad damnum* clause following this count.

**COUNT TWO - WANTONNESS**

15. This paragraph does not require a response from this Defendant; however, to the extent a response is deemed required, Defendant denies these allegation and demands strict proof thereof.

16. Defendant does not know the reason for which Plaintiff was in its store on the date in question. Further, Defendant cannot offer a legal conclusion as to Plaintiff's status on the date of this incident. Defendant denies the remaining allegations contained in this paragraph and demands strict proof thereof.

17. Denied. Defendant demands strict proof thereof.

18. Denied. Defendant demands strict proof thereof.

Defendant denies that Plaintiff is entitled to recover damages as set forth in the *ad damnum* clause following this count.

**COUNT THREE – PREMISES LIABILITY**

19. This paragraph does not require a response from this Defendant; however, to the extent a response is deemed required, Defendant denies these allegations and demands strict proof thereof.

20. Denied. Defendant demands strict proof thereof.

21. Denied. Defendant demands strict proof thereof.

22. Denied. Defendant demands strict proof thereof.

23. Denied. Defendant demands strict proof thereof.

24. Denied. Defendant demands strict proof thereof.

25. Denied. Defendant demands strict proof thereof.

Defendant denies that Plaintiff is entitled to recover damages as set forth in the *ad damnum* clause following this count.

**COUNT FOUR – RESPONDEAT SUPERIOR**

26. This paragraph does not require a response from this Defendant; however, to the extent a response is deemed required, Defendant denies these allegations and demands strict proof thereof.

27. Denied. Defendant demands strict proof thereof.

28. Denied. Defendant demands strict proof thereof.

29. Denied. Defendant demands strict proof thereof.

30. Denied. Defendant demands strict proof thereof.

Defendant denies that Plaintiff is entitled to recover damages as set forth in the *ad damnum* clause following this count.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted and is therefore due to be dismissed.

**SECOND DEFENSE**

Defendant asserts that Plaintiff's Complaint was not filed within the applicable statute(s) of limitation and is therefore due to be dismissed.

**THIRD DEFENSE**

Defendant denies each and every averment of the Complaint not specifically admitted herein.

**FOURTH DEFENSE**

Defendant denies that it was guilty of negligence as alleged in the Complaint and further denies that any conduct or omission on its part proximately caused or contributed to the injuries and damages alleged in the Complaint.

**FIFTH DEFENSE**

Defendant alleges that the incident complained of was proximately caused by an independent, intervening, or superseding act or omission, and not by any acts or omissions attributable to this Defendant.

**SIXTH DEFENSE**

Defendant alleges that the Plaintiff is guilty of contributory negligence in connection with the claims asserted in the Complaint, which negligence proximately caused or contributed to the injuries and damages asserted in his Complaint.

**SEVENTH DEFENSE**

Defendant denies that it had actual or constructive notice of any dangerous or defective condition on its premises, if any, as alleged in the Complaint.

**EIGHTH DEFENSE**

Defendant asserts that Plaintiff assumed the risk of the injuries and damages about which he complains.

**NINTH DEFENSE**

Defendant denies breaching any duty owed to Plaintiff, if any.

**TENTH DEFENSE**

Defendant asserts that to the extent any hazardous condition existed, it was or should have been open and obvious to the Plaintiff.

**ELEVENTH DEFENSE**

Defendant avers Plaintiff has failed to mitigate his damages.

**TWELFTH DEFENSE**

Defendant denies that Plaintiff was injured to the nature and extent claimed in the Complaint and demands strict proof thereof.

**THIRTEENTH DEFENSE**

Defendant asserts Ala. Code §12-21-45 (1975), pursuant to Dixie Marsh v. Rodgers Green, M.D., 782 So. 2d 223 (Ala. 2000), to the extent Plaintiff claims damages for medical expenses and/or hospital expenses which have been, or which will be, reimbursed or paid, either in part or in full.

**FORTEENTH DEFENSE**

Defendant denies that any conduct or admission attributable to it was wanton in nature.

**FIFTEENTH DEFENSE**

Defendant denies that the damages Plaintiff claims were proximately caused by any actions or inactions attributable to this Defendant.

**SIXTEENTH DEFENSE**

Defendant denies that it is liable for any alleged negligence or wantonness in its hiring, training, or supervision of store associates or others.

**SEVENTEENTH DEFENSE**

Defendant denies that it had a duty to warn the Plaintiff, or if it did have such a duty, that it compiled with same.

**EIGHTEENTH DEFENSE**

To the extent Plaintiff claims punitive damages against this Defendant, Defendant pleads the following punitive damages defenses:

1. Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

a. It is in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the plaintiff's satisfying a burden of proof, which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

g. The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred.

h. The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding such damages.

2. Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a. It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the Plaintiffs' satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b. The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

c. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of such award; and

e. The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3. Plaintiff's attempt to impose punitive or extra contractual damages on this Defendant, on the basis of vicarious liability for the conduct by others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4 The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

5. The award of punitive damages against the Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

6. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 6, of the Alabama Constitution.

7. A punitive damages award violates due process when it is "grossly excessive" in relation to the State's legitimate interests in punishing unlawful conduct and deterring its repetition. BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996).

8. Defendant did not receive adequate notice of the magnitude of the sanction that the State may impose. BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996).

9. Defendant's conduct was not sufficiently reprehensible to support an award of punitive damages. BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996).

10. Any award of punitive damages based on the amount of the Plaintiff's alleged compensatory damages would be excessive. BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996).

11. Defendant's conduct was not sufficiently egregious to justify a punitive sanction against the Defendant. BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996).

**NINETEENTH DEFENSE**

Defendant denies that it liable to the Plaintiff for any actions or inactions of others, pursuant to the doctrine of *respondeat superior* or otherwise.

**TWENTIETH DEFENSE**

Defendant reserves the right to amend its Answer as future discovery or investigation may indicate.

Respectfully submitted,

/s/ Julie D. Pearce
Julie D. Pearce (PEA032)
Michael J. Marable (MAR223)
Attorneys for Defendant
Wal-Mart Stores East, LP

**OF COUNSEL:**
GAINES GAULT HENDRIX PC
361 Summit Boulevard/Suite 200
Birmingham, Alabama 35243
(205) 980-5888
jpearce@ggh-law.com
mmarable@ggh-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by via email or by placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 11th day of June, 2025.

Lauren A. Briscoe
SHUNNARAH INJURY LAWYERS, P.C.
P.O. Box 321128
Birmingham, Alabama 35212

/s/ Julie D. Pearce
OF COUNSEL

UNIFIED JUDICIAL SYSTEM
TENNESSEE
MISSISSIPPI
GEORGIA
FLORIDA
A.D. 1973
STATE OF ALABAMA

AlaFile E-Notice

03-CV-2025-900681.00

To: JULIE DAVIS PEARCE
jpearce@gghblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MICHAEL J HARDY V. WAL-MART STORES EAST, LP
03-CV-2025-900681.00

The following NOTICE OF APPEARANCE was FILED on 6/11/2025 3:23:05 PM

Notice Date: 6/11/2025 3:23:05 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
6/11/2025 3:23 PM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHAEL J. HARDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action Number 03-CV-2025-900681** |
| | ) | |
| **WAL-MART STORES EAST, LP, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE OF APPEARANCE**

COME NOW the undersigned, Julie D. Pearce of Gaines Gault Hendrix, P.C., and respectfully enters her name as counsel of record for Wal-Mart Stores East, LP, in the above styled action.

This the 11th day of June, 2025.

Respectfully submitted,

/s/ Julie D. Pearce
Julie D. Pearce (PEA032)
Michael J. Marable (MAR223)
Attorneys for Defendant
Wal-Mart Stores East, LP

**OF COUNSEL:**
GAINES GAULT HENDRIX PC
361 Summit Boulevard/Suite 200
Birmingham, Alabama 35243
(205) 980-5888
jpearce@ggh-law.com
mmarable@ggh-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by via email or by placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 11th day of June, 2025.

Lauren A. Briscoe
SHUNNARAH INJURY LAWYERS, P.C.
P.O. Box 321128
Birmingham, Alabama 35212

/s/ Julie D. Pearce
OF COUNSEL

AlaFile E-Notice

03-CV-2025-900681.00
Judge: JAMES H ANDERSON

To: JULIE DAVIS PEARCE
jpearce@gghblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MICHAEL J HARDY V. WAL-MART STORES EAST, LP
03-CV-2025-900681.00

The following matter was FILED on 6/11/2025 3:26:43 PM

**D001 WAL-MART STORES EAST, LP**
MOTION FOR PROTECTIVE ORDER
[Filer: PEARCE JULIE ELIZABETH DA]

Notice Date: 6/11/2025 3:26:43 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
6/11/2025 3:26 PM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**STATE OF ALABAMA** **Revised 3/5/08**

**Unified Judicial System**

03-MONTGOMERY ☐ **District Court** ☑ **Circuit Court**

**Cas**

CV2

MICHAEL J HARDY V. WAL-MART STORES EAST, LP

## CIVIL MOTION COVER SHEET

*Name of Filing Party:* D001 - WAL-MART STORES EAST, LP

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

JULIE DAVIS PEARCE
361 Summit Blvd, Suite 200
BIRMINGHAM, AL 35243

*Attorney Bar No.:* PEA032

☐ Oral Arguments Requested

### TYPE OF MOTION

**Motions Requiring Fee**

- ☐ Default Judgment ($50.00)
- ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
- ☐ Judgment on the Pleadings ($50.00)
- ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00)
- ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00)
- ☐ Summary Judgment pursuant to Rule 56($50.00)
- ☐ Motion to Intervene ($297.00)
- ☐ Other ______________

pursuant to Rule ______________ ($50.00)

*Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Costs $ 0

**Motions Not Requiring Fee**

- ☐ Add Party
- ☐ Amend
- ☐ Change of Venue/Transfer
- ☐ Compel
- ☐ Consolidation
- ☐ Continue
- ☐ Deposition
- ☐ Designate a Mediator
- ☐ Judgment as a Matter of Law (during Trial)
- ☐ Disburse Funds
- ☐ Extension of Time
- ☐ In Limine
- ☐ Joinder
- ☐ More Definite Statement
- ☐ Motion to Dismiss pursuant to Rule 12(b)
- ☐ New Trial
- ☐ Objection of Exemptions Claimed
- ☐ Pendente Lite
- ☐ Plaintiff's Motion to Dismiss
- ☐ Preliminary Injunction
- ☑ Protective Order
- ☐ Quash
- ☐ Release from Stay of Execution
- ☐ Sanctions
- ☐ Sever
- ☐ Special Practice in Alabama
- ☐ Stay
- ☐ Strike
- ☐ Supplement to Pending Motion
- ☐ Vacate or Modify
- ☐ Withdraw
- ☐ Other ______________

pursuant to Rule ______________ (Subject to Filing Fee)

Check here if you have filed or are filing contemoraneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐

Date:
6/11/2025 3:25:21 PM

Signature of Attorney or Party
/s/ JULIE DAVIS PEARCE

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
6/11/2025 3:26 PM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHAEL J. HARDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action Number 03-CV-2025-900681** |
| | ) | |
| **WAL-MART STORES EAST, LP, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT'S MOTION FOR A QUALIFIED PROTECTIVE ORDER PURSUANT TO 45 C.F.R. § 164.512 (3)**

COMES NOW Wal-Mart Stores East, LP, named as the Defendant in the above-referenced action, and request that this Honorable Court enter, pursuant to 45 C.F.R. § 164.512(3), a Protective Order, allowing Defendant to obtain information from the Plaintiff's health care providers and health care plans. In support of this motion, Defendant states as follows:

1. The Plaintiff's physical condition and his medical expenses are at issue in this litigation. In his Complaint, the Plaintiff alleges to have sustained personal injuries and incurred medical treatment and costs as a result of the Defendant's conduct.

2. Defendant is entitled to issue subpoenas to the Plaintiff's health care providers and health care plans requesting information and documentation regarding the Plaintiff's medical records and charges for medical treatment.

3. Defendant anticipates that the Plaintiff's health care providers and health care plans are subject to the privacy requirements set forth at 45 C.F.R. § 164.512 and are prohibited from disclosing information regarding the Plaintiff absent a Qualified Protective Order, issued pursuant to 45 C.F.R. § 164.512(3).

4. Defendant asserts that should this Honorable Court enter a Protective Order, any information Defendant receives from the Plaintiff's health care providers and/or health care plans will be used exclusively, and disclosed only for the purpose of this litigation.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully request this Honorable Court enter a Protective Order, pursuant to 45 C.F.R. § 154.512(3), authorizing the Plaintiff's health care providers and health care plans to disclose protected heath information the parties for the purposes of this litigation only.

**ORAL ARGUMENT NOT REQUESTED**

Respectfully submitted,

/s/ Julie D. Pearce
Julie D. Pearce (PEA032)
Michael J. Marable (MAR223)
Attorneys for Defendant
Wal-Mart Stores East, LP

**OF COUNSEL:**
GAINES GAULT HENDRIX PC
361 Summit Boulevard/Suite 200
Birmingham, Alabama 35243
(205) 980-5888
jpearce@ggh-law.com
mmarable@ggh-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by via email or by placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 11th day of June, 2025.

Lauren A. Briscoe
SHUNNARAH INJURY LAWYERS, P.C.
P.O. Box 321128
Birmingham, Alabama 35212

/s/ Julie D. Pearce
OF COUNSEL

ELECTRONICALLY FILED
6/11/2025 3:26 PM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| HARDY MICHAEL J, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.: CV-2025-900681.00 |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| Defendant. | ) | |

PROPOSED ORDER

**Qualified Protective Order**

Counsel for all parties are hereby granted the right, upon compliance with the applicable provisions of the Alabama Rules of Civil Procedure, to obtain from all health care providers and health plans all information relating to the past, present, or future physical condition of any individual who is a party to the case (or, the decedent of a party) as well as all information relating to the provision of health care to such individual and payment for the provision of such health care. This Protective Order is intended to assist the parties and third parties who receive subpoenas from the parties comply with the requirements of the federal HIPAA Privacy Rules, 45 C.F.R. § 164.512(e), AS A "QUALIFIED PROTECTIVE ORDER" UNDER THAT REGULATION. This Protective Order expressly authorizes disclosure of "Protected Health Information" as defined in the Privacy Rules by the parties and third parties to counsel for the parties, subject to timely objection according to the notice provision of Ala. R. Civ. P. 45. The Parties and counsel for the Parties may use and disclose such information for the purpose of this proceeding only and are to return or destroy such information (including all copies made) at the end of this proceeding.

**DONE this[To be filled by the Judge].**

**/s/[To be filled by the Judge]**
**CIRCUIT JUDGE**

PROPOSED ORDER

AlaFile E-Notice

03-CV-2025-900681.00

To: JULIE DAVIS PEARCE
jpearce@gghblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MICHAEL J HARDY V. WAL-MART STORES EAST, LP
03-CV-2025-900681.00

The following discovery was FILED on 6/11/2025 3:28:57 PM

Notice Date: 6/11/2025 3:28:57 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
6/11/2025 3:28 PM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHAEL J. HARDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action Number 03-CV-2025-900681** |
| | ) | |
| **WAL-MART STORES EAST, LP, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE TO CLERK OF SERVING DISCOVERY**

TO: Circuit Court Clerk
Montgomery County Courthouse

Please take notice that the following discovery documents have been served on behalf of Defendant:

- **Defendant's First Set of Interrogatories to Plaintiff**
- **Defendant's Request for Production to Plaintiff**
- **Defendant's Deposition Notice to Plaintiff, Michael J. Hardy**

Respectfully submitted,

/s/ Julie D. Pearce
Julie D. Pearce (PEA032)
Michael J. Marable (MAR223)
Attorneys for Defendant
Wal-Mart Stores East, LP

**OF COUNSEL:**
GAINES GAULT HENDRIX PC
361 Summit Boulevard/Suite 200
Birmingham, Alabama 35243
(205) 980-5888
jpearce@ggh-law.com
mmarable@ggh-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by via email or by placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 11th day of June, 2025.

Lauren A. Briscoe
SHUNNARAH INJURY LAWYERS, P.C.
P.O. Box 321128
Birmingham, Alabama 35212

/s/ Julie D. Pearce
OF COUNSEL

AlaFile E-Notice

03-CV-2025-900681.00

To: MICHAEL JASON MARABLE
mmarable@ggh-law.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MICHAEL J HARDY V. WAL-MART STORES EAST, LP
03-CV-2025-900681.00

The following NOTICE OF APPEARANCE was FILED on 6/11/2025 3:32:11 PM

Notice Date: 6/11/2025 3:32:11 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
6/11/2025 3:32 PM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHAEL J. HARDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action Number 03-CV-2025-900681** |
| | ) | |
| **WAL-MART STORES EAST, LP, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE OF APPEARANCE**

COMES NOW the undersigned, Michael J. Marable of Gaines, Gault & Hendrix, P.C., and respectfully enters his name as counsel of record for Wal-Mart Stores East, LP.

This the 11th day of June, 2025.

Respectfully submitted,

/s/ Michael J. Marable
Julie D. Pearce (PEA032)
Michael J. Marable (MAR223)
Attorneys for Defendant
Wal-Mart Stores East, LP

**OF COUNSEL:**
GAINES GAULT HENDRIX PC
361 Summit Boulevard/Suite 200
Birmingham, Alabama 35243
(205) 980-5888
jpearce@ggh-law.com
mmarable@ggh-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by via email or by placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 11th day of June, 2025.

Lauren A. Briscoe
SHUNNARAH INJURY LAWYERS, P.C.
P.O. Box 321128
Birmingham, Alabama 35212

/s/ Michael J. Marable
OF COUNSEL

AlaFile E-Notice

03-CV-2025-900681.00

Judge: JAMES H ANDERSON

To: JULIE DAVIS PEARCE
jpearce@gghblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MICHAEL J HARDY V. WAL-MART STORES EAST, LP
03-CV-2025-900681.00

The following matter was FILED on 6/12/2025 12:30:17 PM

D001 WAL-MART STORES EAST, LP
MOTION FOR PROTECTIVE ORDER
[Filer: PEARCE JULIE ELIZABETH DA]

Notice Date: 6/12/2025 12:30:17 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
6/12/2025 12:30 PM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**STATE OF ALABAMA** **Revised 3/5/08**

**Unified Judicial System**

03-MONTGOMERY ☐ **District Court** ☑ **Circuit Court**

**Cas**

CV2

MICHAEL J HARDY V. WAL-MART STORES EAST, LP

## CIVIL MOTION COVER SHEET

*Name of Filing Party:* D001 - WAL-MART STORES EAST, LP

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

JULIE DAVIS PEARCE
361 Summit Blvd, Suite 200
BIRMINGHAM, AL 35243

*Attorney Bar No.:* PEA032

☐ Oral Arguments Requested

### TYPE OF MOTION

**Motions Requiring Fee**

- ☐ Default Judgment ($50.00)
- ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
- ☐ Judgment on the Pleadings ($50.00)
- ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00)
- ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00)
- ☐ Summary Judgment pursuant to Rule 56($50.00)
- ☐ Motion to Intervene ($297.00)
- ☐ Other ______________________

pursuant to Rule ______________________ ($50.00)

*Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Costs $ 0

**Motions Not Requiring Fee**

- ☐ Add Party
- ☐ Amend
- ☐ Change of Venue/Transfer
- ☐ Compel
- ☐ Consolidation
- ☐ Continue
- ☐ Deposition
- ☐ Designate a Mediator
- ☐ Judgment as a Matter of Law (during Trial)
- ☐ Disburse Funds
- ☐ Extension of Time
- ☐ In Limine
- ☐ Joinder
- ☐ More Definite Statement
- ☐ Motion to Dismiss pursuant to Rule 12(b)
- ☐ New Trial
- ☐ Objection of Exemptions Claimed
- ☐ Pendente Lite
- ☐ Plaintiff's Motion to Dismiss
- ☐ Preliminary Injunction
- ☑ Protective Order
- ☐ Quash
- ☐ Release from Stay of Execution
- ☐ Sanctions
- ☐ Sever
- ☐ Special Practice in Alabama
- ☐ Stay
- ☐ Strike
- ☐ Supplement to Pending Motion
- ☐ Vacate or Modify
- ☐ Withdraw
- ☐ Other ______________________

pursuant to Rule ______________________ (Subject to Filing Fee)

Check here if you have filed or are filing contemoraneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐

Date:
6/12/2025 12:28:52 PM

Signature of Attorney or Party
/s/ JULIE DAVIS PEARCE

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
6/12/2025 12:30 PM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHAEL J. HARDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action Number 03-CV-2025-900681** |
| | ) | |
| **WAL-MART STORES EAST, LP, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**JOINT MOTION FOR ENTRY OF CONSENT PROTECTIVE ORDER**

COME NOW the Plaintiff Michael J. Hardy, and Defendant Wal-Mart Stores East, LP. and jointly move this Honorable Court pursuant to Ala. R. Civ. P. 26 (c) to enter the Consent Protective Order attached hereto as Exhibit A. As grounds for this Motion, the parties state the following:

1. During discovery in this action, Defendant has produced, may produce, or may be required to produce private and/or proprietary information or documents about the names, identities and/or other identifying characteristics concerning its past or present associates, independent contractors, and/or customers. Additionally, the Defendant has produced, may produce, or may be required to produce private and/or proprietary information or documents concerning their business practices, training protocols, and internal procedures, as well as employee or independent contractor handbooks, guidelines, manuals, instructions and other proprietary and/or protected information or documents[1].

2. This information is highly confidential and may impede upon the privacy and proprietary interests of the parties and those individuals and entities who are not parties to this

[1] The parties also acknowledge that they have produced, may produce, may be required to produce, or may seek to discover personal, private and/or sensitive medical or other information concerning the parties. The parties agree that information and documents pertaining to any party's or non-parties' health care providers and health care plans are subject to the privacy requirements set forth at 45 C.F.R. § 164.512(e) and that they are prohibited from disclosing information regarding parties or non-parties absent a Qualified Protective Order pursuant to 45 C.F.R. § 164.512(e). The parties have agreed that they will request a separate Qualified HIPAA Protective Order for this purpose

action. Accordingly, all parties hereby stipulate and agree that an expectation of privacy exists in this matter, and the parties and third parties have an expectation of privacy and the protection of their proprietary interests. As such, the disclosure of such private information to the public would violate these expectations of privacy. *See* Ex Parte McTier, 414 So. 2d 460 (Ala. 1982). Therefore, all parties stipulate and agree to request this Court to enter the proposed Consent Protective Order attached hereto as Exhibit A to protect the confidential nature of the information described herein.

3. Until such time as a Protective Order is entered by the Court, counsel for all parties agree by their signatures below to be bound by the provisions set forth in the proposed Consent Protective Order attached hereto.

Dated this 12th day of June, 2025.

Respectfully submitted,

/s/ Julie D. Pearce
Julie D. Pearce (PEA032)
Michael J. Marable (MAR223)
Attorney for Defendant
Wal-Mart Stores East, LP

**OF COUNSEL:**
GAINES GAULT HENDRIX PC
361 Summit Boulevard/Suite 200
Birmingham, Alabama 35243
(205) 980-5888
jpearce@ggh-law.com
mmarable@ggh-law.com

And

/s/ Lauren A. Briscoe
Lauren A. Briscoe (BRI091)
Counsel for Plaintiff
Michael J. Hardy

**OF COUNSEL:**
ALEXANDER SHUNNARAH TRIAL ATTORNEYS
SHUNNARAH INJURY LAWYERS, P.C.
P.O. Box 321128
Birmingham, AL 35212

ELECTRONICALLY FILED
6/12/2025 12:30 PM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| HARDY MICHAEL J,<br>Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.: CV-2025-900681.00 |
| | ) | |
| WAL-MART STORES EAST, LP,<br>Defendant. | ) | |

**CONSENT PROTECTIVE ORDER**

PROPOSED ORDER

The parties have agreed to and have submitted to the Court, and for good cause shown the Court hereby enters, the following Consent Protective Order:

1. This Order shall govern the disclosure of materials designated as Confidential Material in this litigation. Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential or Highly Confidential – Attorneys' Eyes Only, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material. Nothing in this Order shall require any party to produce any specific documents or category of documents which a party deems inappropriate for production.

Definitions of Confidential Material

2. Confidential Material, as used in this Order, consists of the following materials and categories of materials:

a. Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Ala. Rules of Civil Procedure (Ala. R. Civ.) and any applicable case law interpreting Ala. R. Civ. 26(c)(1)(G); contracts; non-public compilations of retail prices; proprietary information; vendor agreements;

personnel files; claim/litigation information; and nonpublic policies and procedures shall be deemed Confidential.

b. Materials containing corporate trade secrets, nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data shall be deemed Highly Confidential – Attorneys' Eyes Only.

PROPOSED ORDER

c. Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential – Attorneys' Eyes Only material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

The parties shall not designate as confidential information that is already public knowledge.

3. The parties agree that such Confidential Material as described in paragraph 2 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

Procedure for Designating Information as Confidential

4. To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Parties shall submit confidential discovery responses, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend designating those responses as Confidential Material. The Receiving Party may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

a. Information on a disk or other electronic format (e.g., a native format production) may be designated confidential by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

b. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 15-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15-business-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court

PROPOSED ORDER

reporter and each party shall affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to the designated pages and segregate them as appropriate.

5. A producing party may change the confidentiality designation of materials it has produced, as follows: (1) The producing party must give the receiving parties notice of the change by identifying the documents or information at issue. Once notice is given, the receiving party must make good-faith efforts to ensure that the documents or information are accorded treatment under the new designation. (2) Within a reasonable period after giving notice, the producing party must reproduce the documents or information in a format that contains the new designation. (3) If such information has been disclosed to persons not qualified pursuant to paragraph(s) (12-13) below, the party who disclosed such information shall (a) take reasonable efforts to retrieve previously disclosed Confidential Material; (b) advise such persons that the material is Confidential; and (c) give the producing party written assurance that steps (a) and (b) have been completed.

PROPOSED ORDER

Data Security

6. The Parties agree to provide adequate security to protect data produced by the other party(ies) or by non-parties. This includes secure data storage systems, established security policies, and security training for employees, contractors and experts. Adequate security also includes such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises. At a minimum, any receiving party subject to the terms of this Confidentiality Order, will provide reasonable measures to protect non-client data consistent with the American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 477R.

Clawback Provisions

7. The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

8. This Order shall be interpreted to provide the maximum protection allowed by Alabama Rule of Evidence (ARE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

PROPOSED ORDER

9. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. If the receiving party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

11. A producing party must give written notice to any receiving party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request"). After a clawback request is received, the receiving party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose. The parties shall meet and confer regarding any clawback request.

Who May Receive Confidential and Highly Confidential Information

12. Confidential Material. Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, in-house counsel and outside counsel of record for each party, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action.

13. Highly Confidential—Attorneys' Eyes Only Material. Material and information designated as "Highly Confidential—Attorneys' Eyes Only" shall only be disclosed to the Court, its staff, in-house and outside counsel of record for each party, the secretarial, clerical, and paralegal staff of each, and consulting and testifying experts retained by a party in this action.

14. Restriction on Disclosure to Direct Competitors. Notwithstanding the foregoing, Confidential Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation. If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a party named in this lawsuit, then before disclosing any Confidential Material to a current or former employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer with counsel for the Producing Party.

15. Persons Receiving Confidential Information Must Sign Exhibit A. Counsel for each party shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order and shall provide all such persons (other than the Court and its staff) with

PROPOSED ORDER

a copy of this Order. Counsel shall also require such persons to execute the Affidavit attached as Exhibit A, prior to the disclosure of Confidential Material.

16. Duties in the Event of Unauthorized Disclosures. It shall be the obligation of counsel, upon learning of any unauthorized disclosure or threatened unauthorized disclosure of Confidential Information, or any other breach or threatened breach of the provisions of this Order, to promptly notify counsel for the Producing Party. The notification shall be supplemented with reasonable details of the circumstances of the disclosure in order to permit the producing party to understand and take appropriate steps. Each party and its counsel agree to take reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, and to make reasonable and good-faith attempts to retrieve any unauthorized disclosure of documents or information. This provision does not limit the producing party's entitlement to damages resulting from any breach of this Order.

PROPOSED ORDER

Authorized Uses of Confidential Material

17. Confidential Material shall only be used for the purpose of litigating the above-captioned lawsuit and may not be used in other lawsuits.

18. Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation.

19. If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court and may be liable to pay for the damages caused by his/her violation.

Challenges to the Designation of Confidential Material

20. Any party or interested member of the public may move the Court to modify the designation of any documents or information produced in this litigation (either to include additional protection with respect to confidentiality or to remove a confidential designation). Before making such a motion, the party or an interested member of the public shall first attempt to resolve such dispute with the producing party's counsel. Pending resolution of any challenges to the designation of documents or information, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court. The burden shall be on the party seeking to remove the designation to show that the designation is inappropriate.

PROPOSED ORDER

Withholding of Information

21. Non-relevant Attachments. The parties will not produce non-relevant attachments that are attached to relevant emails. When an attachment is withheld (either for privilege or non-responsiveness), the producing party shall produce a one-page TIFF image in place of the withheld attachment, stating "Attachment Withheld", and bearing a sequential BATES number within the family BATES range. If any attachment to an email contains responsive content, then the cover email shall be produced for context, regardless of the cover email's responsiveness. The cover email may be redacted in part to remove sensitive information, as described below.

22. Redactions. The parties may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law or

regulation (e.g., protected personal information); and (3) sensitive, non-relevant information, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people. Privilege redactions will state, over the redacted portion, "Redacted–Privileged," and all other redactions will state, "Redacted–Nonresponsive." Redactions of emails will not redact the names of recipients or the subject line of the emails, unless the subject line is itself privileged or contains the sensitive information described above, in which case only so much of the subject line will be redacted as may be needed. The parties will produce redacted documents in TIFF format with corresponding searchable OCR text and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure.

PROPOSED ORDER

Confidential Material In Filings, Hearings, and Trial

23. Confidential Material in Filings. Without written permission from the Producing Party or court order secured after appropriate notice to all interested persons, a party may not file Confidential Material in the public record in this action (or in any other action, such as an appeal). A party that seeks to file under seal any Confidential Material must comply with Alabama law regarding filing materials under seal. Confidential Material may only be filed under seal in a manner prescribed by the Court for such filings.

24. Manner of Sealing. In the event Confidential Materials or portions of transcripts are sealed as confidential by the Court or as described in paragraph (23) above, they shall be filed in an envelope bearing the following designation when deposited:

CONFIDENTIAL

IN ACCORDANCE WITH THE CONFIDENTIALITY ORDER OF THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN THE COURT, ATTORNEYS IN THIS CASE, OR TO PERSONS ASSISTING THOSE ATTORNEYS.

PROPOSED ORDER

25. Confidential Material in Hearings and Trial. The provisions of this Order shall not affect, and this Order does not limit, the admissibility of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action. Prior to using Confidential Material or the information contained therein at any hearing that is open to the public, the party seeking to use the Confidential Material must give at least seven (7) days advance notice to the producing party of the intent to use the Confidential Material so that the producing party may seek an appropriate Court Order to protect the Confidential Material.

Continuing Effect of this Order and Duty to Destroy

26. This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within thirty (30) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each party or non-party to whom any materials were produced shall, without further request or direction from the Producing Party, promptly destroy all documents, items or data received including, but not limited to, copies or summaries thereof, in the possession or control of any expert or employee. This requirement to destroy includes all documents, not only those documents designated as Confidential Material. The Receiving Party shall submit a written certification to the Producing Party by the 30-day deadline that (1) confirms the

destruction/deletion of all Confidential Material, including any copies of Confidential Materials provided to persons required to execute Exhibit A (Affidavit), and (2) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Material. Notwithstanding this provision, outside counsel is entitled to retain an archival copy of filings, depositions, and deposition exhibits.

Procedure if Confidential Material Is Required to be Produced

27. If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. At the request of the party or non-party who produced or designated the material as Confidential Material, the Receiving Party shall refuse to comply with the Demand unless (a) ordered to do so by a court with jurisdiction over the Receiving Party; or (b) released in writing by the party or non-party who designated the material as confidential. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Compliance by the Receiving Party with any order of a court of competent jurisdiction, directing production of any Confidential Material, shall not constitute a violation of this Order.

PROPOSED ORDER

Application of this Order to Productions by Third Parties

28. This Order may be used by third parties producing documents in connection with this action. Third parties may designate information as Confidential or Highly Confidential - Attorneys' Eyes Only.

29. If a third party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Confidential Material, then any party to this action may seek to designate that third party's documents or categories of documents as Confidential Material. In that case, it will be the burden of the party seeking protected status to move for a court order designating the materials as Confidential Material after the parties confer.

30. In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

31. The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document designated Confidential Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

32. This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court.

PROPOSED ORDER

IT IS SO ORDERED

Dated: _______________, 2025

_____________________________________

HONORABLE JUDGE

PROPOSED ORDER

PROPOSED ORDER

PROPOSED ORDER

AFFIDAVIT OF COMPLIANCE WITH CONFIDENTIALITY ORDER

1. My name is ___________________. I live at __________________________. I am working on behalf (or at the direction and engagement) of __________________________.

2. I am aware that a Confidentiality Order has been entered in the above-captioned lawsuit. A copy of this Confidentiality Order has been given to me, and I have read and understand the provisions of same.

3. I acknowledge that documents and information designated as confidential and/or highly confidential pursuant to such Confidentiality Order ("Confidential Materials") are being disclosed to me only upon the conditions that I agree (a) to be subject to the jurisdiction of this Court, and (b) to comply with that Order. I hereby agree to abide by such Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of said Order. I

promise that the documents and information given confidential treatment under the Confidentiality Order entered in this case will be used by me only to assist counsel for the parties in preparing for litigation of the above-captioned matter. I understand that any use of such Confidential Material in any manner contrary to the provisions of the Confidentiality Order may subject me to the sanctions of this Court for contempt and to liability for any damages caused by my breach of the Confidentiality Order.

4. I shall not disclose nor permit to be reviewed or copied said Confidential Materials, or any information derived from, by any person other than the parties and counsel for the parties or members of their staff.

5. Within 30 days after the above-captioned lawsuit ends in a final non-appealable order, I agree to destroy all Confidential Materials in my possession.

PROPOSED ORDER

DATED: ________________, 202_

____________________________________

Signature

____________________________________

Printed Name

Exhibit A, Affidavit of Compliance with Confidentiality Order

PROPOSED ORDER

**DONE this[To be filled by the Judge].**

**/s/[To be filled by the Judge]**
**CIRCUIT JUDGE**

AlaFile E-Notice

03-CV-2025-900681.00

Judge: JAMES H ANDERSON

To: MARABLE MICHAEL JASON
mmarable@ggh-law.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MICHAEL J HARDY V. WAL-MART STORES EAST, LP
03-CV-2025-900681.00

A court action was entered in the above case on 6/16/2025 5:43:53 PM

ORDER

[Filer: ]

Disposition: GRANTED
Judge: JHA

Notice Date: 6/16/2025 5:43:53 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
6/16/2025 5:43 PM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

HARDY MICHAEL J, )
Plaintiff, )
)
V. ) Case No.: CV-2025-900681.00
)
WAL-MART STORES EAST, LP, )
Defendant. )

**CONSENT PROTECTIVE ORDER**

The parties have agreed to and have submitted to the Court, and for good cause shown the Court hereby enters, the following Consent Protective Order:

1. This Order shall govern the disclosure of materials designated as Confidential Material in this litigation. Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential or Highly Confidential – Attorneys' Eyes Only, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material. Nothing in this Order shall require any party to produce any specific documents or category of documents which a party deems inappropriate for production.

Definitions of Confidential Material

2. Confidential Material, as used in this Order, consists of the following materials and categories of materials:

a. Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms

are used in the Ala. Rules of Civil Procedure (Ala. R. Civ.) and any applicable case law interpreting Ala. R. Civ. 26(c)(1)(G); contracts; non-public compilations of retail prices; proprietary information; vendor agreements; personnel files; claim/litigation information; and nonpublic policies and procedures shall be deemed Confidential.

b. Materials containing corporate trade secrets, nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data shall be deemed Highly Confidential – Attorneys' Eyes Only.

c. Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential – Attorneys' Eyes Only material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

The parties shall not designate as confidential information that is already public knowledge.

3. The parties agree that such Confidential Material as described in paragraph 2 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

Procedure for Designating Information as Confidential

4. To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Parties shall submit confidential discovery responses, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend designating those responses as Confidential Material. The Receiving Party may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

a. Information on a disk or other electronic format (e.g., a native format production) may be designated confidential by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from

which those copies were made.

b. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 15-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15-business-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to the designated pages and segregate them as appropriate.

5. A producing party may change the confidentiality designation of materials it has produced, as follows: (1) The producing party must give the receiving parties notice of the change by identifying the documents or information at issue. Once notice is given, the receiving party must make good-faith efforts to ensure that the documents or information are accorded treatment under the new designation. (2) Within a reasonable period after giving notice, the producing party must reproduce the documents or information in a format that contains the new designation. (3) If such information has been disclosed to persons not qualified pursuant to

paragraph(s) (12-13) below, the party who disclosed such information shall (a) take reasonable efforts to retrieve previously disclosed Confidential Material; (b) advise such persons that the material is Confidential; and (c) give the producing party written assurance that steps (a) and (b) have been completed.

Data Security

6. The Parties agree to provide adequate security to protect data produced by the other party(ies) or by non-parties. This includes secure data storage systems, established security policies, and security training for employees, contractors and experts. Adequate security also includes such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises. At a minimum, any receiving party subject to the terms of this Confidentiality Order, will provide reasonable measures to protect non-client data consistent with the American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 477R.

Clawback Provisions

7. The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

8. This Order shall be interpreted to provide the maximum protection allowed by Alabama Rule of Evidence (ARE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S.

Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

9. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. If the receiving party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

11. A producing party must give written notice to any receiving party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request"). After a clawback request is received, the receiving party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose. The parties shall meet and confer regarding any clawback request.

Who May Receive Confidential and Highly Confidential Information

12. Confidential Material. Any Confidential Material and the information

contained therein shall be disclosed only to the Court, its staff, in-house counsel and outside counsel of record for each party, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action.

13. Highly Confidential—Attorneys' Eyes Only Material. Material and information designated as "Highly Confidential—Attorneys' Eyes Only" shall only be disclosed to the Court, its staff, in-house and outside counsel of record for each party, the secretarial, clerical, and paralegal staff of each, and consulting and testifying experts retained by a party in this action.

14. Restriction on Disclosure to Direct Competitors. Notwithstanding the foregoing, Confidential Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation. If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a party named in this lawsuit, then before disclosing any Confidential Material to a current or former employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer with counsel for the Producing Party.

15. Persons Receiving Confidential Information Must Sign Exhibit A. Counsel for each party shall advise all persons to whom Confidential Material is disclosed

pursuant to this Order of the existence of this Order and shall provide all such persons (other than the Court and its staff) with a copy of this Order. Counsel shall also require such persons to execute the Affidavit attached as Exhibit A, prior to the disclosure of Confidential Material.

16. Duties in the Event of Unauthorized Disclosures. It shall be the obligation of counsel, upon learning of any unauthorized disclosure or threatened unauthorized disclosure of Confidential Information, or any other breach or threatened breach of the provisions of this Order, to promptly notify counsel for the Producing Party. The notification shall be supplemented with reasonable details of the circumstances of the disclosure in order to permit the producing party to understand and take appropriate steps. Each party and its counsel agree to take reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, and to make reasonable and good-faith attempts to retrieve any unauthorized disclosure of documents or information. This provision does not limit the producing party's entitlement to damages resulting from any breach of this Order.

Authorized Uses of Confidential Material

17. Confidential Material shall only be used for the purpose of litigating the above-captioned lawsuit and may not be used in other lawsuits.

18. Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and

information only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation.

19. If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court and may be liable to pay for the damages caused by his/her violation.

Challenges to the Designation of Confidential Material

20. Any party or interested member of the public may move the Court to modify the designation of any documents or information produced in this litigation (either to include additional protection with respect to confidentiality or to remove a confidential designation). Before making such a motion, the party or an interested member of the public shall first attempt to resolve such dispute with the producing party's counsel. Pending resolution of any challenges to the designation of documents or information, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court. The burden shall be on the party seeking to remove the designation to show that the designation is inappropriate.

Withholding of Information

21. Non-relevant Attachments. The parties will not produce non-relevant attachments that are attached to relevant emails. When an attachment is withheld (either for privilege or non-responsiveness), the producing party shall produce a one-page TIFF image in place of the withheld attachment, stating "Attachment

Withheld", and bearing a sequential BATES number within the family BATES range. If any attachment to an email contains responsive content, then the cover email shall be produced for context, regardless of the cover email's responsiveness. The cover email may be redacted in part to remove sensitive information, as described below.

22. Redactions. The parties may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (e.g., protected personal information); and (3) sensitive, non-relevant information, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people. Privilege redactions will state, over the redacted portion, "Redacted–Privileged," and all other redactions will state, "Redacted–Nonresponsive." Redactions of emails will not redact the names of recipients or the subject line of the emails, unless the subject line is itself privileged or contains the sensitive information described above, in which case only so much of the subject line will be redacted as may be needed. The parties will produce redacted documents in TIFF format with corresponding searchable OCR text and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure.

Confidential Material In Filings, Hearings, and Trial

23. Confidential Material in Filings. Without written permission from the

Producing Party or court order secured after appropriate notice to all interested persons, a party may not file Confidential Material in the public record in this action (or in any other action, such as an appeal). A party that seeks to file under seal any Confidential Material must comply with Alabama law regarding filing materials under seal. Confidential Material may only be filed under seal in a manner prescribed by the Court for such filings.

24. Manner of Sealing. In the event Confidential Materials or portions of transcripts are sealed as confidential by the Court or as described in paragraph (23) above, they shall be filed in an envelope bearing the following designation when deposited:

CONFIDENTIAL

IN ACCORDANCE WITH THE CONFIDENTIALITY ORDER OF THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN THE COURT, ATTORNEYS IN THIS CASE, OR TO PERSONS ASSISTING THOSE ATTORNEYS.

25. Confidential Material in Hearings and Trial. The provisions of this Order shall not affect, and this Order does not limit, the admissibility of Confidential

Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action. Prior to using Confidential Material or the information contained therein at any hearing that is open to the public, the party seeking to use the Confidential Material must give at least seven (7) days advance notice to the producing party of the intent to use the Confidential Material so that the producing party may seek an appropriate Court Order to protect the Confidential Material.

Continuing Effect of this Order and Duty to Destroy

26. This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within thirty (30) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each party or non-party to whom any materials were produced shall, without further request or direction from the Producing Party, promptly destroy all documents, items or data received including, but not limited to, copies or summaries thereof, in the possession or control of any expert or employee. This requirement to destroy includes all documents, not only those documents designated as Confidential Material. The Receiving Party shall submit a written certification to the Producing Party by the 30-day deadline that (1) confirms the destruction/deletion of all Confidential Material, including any copies of Confidential Materials provided to persons required to execute Exhibit A (Affidavit), and (2) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing

any of the Confidential Material. Notwithstanding this provision, outside counsel is entitled to retain an archival copy of filings, depositions, and deposition exhibits.

Procedure if Confidential Material Is Required to be Produced

27. If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. At the request of the party or non-party who produced or designated the material as Confidential Material, the Receiving Party shall refuse to comply with the Demand unless (a) ordered to do so by a court with jurisdiction over the Receiving Party; or (b) released in writing by the party or non-party who designated the material as confidential. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Compliance by the Receiving Party with any order of a court of competent jurisdiction, directing production of any Confidential Material, shall not constitute a violation of this Order.

Application of this Order to Productions by Third Parties

28. This Order may be used by third parties producing documents in connection with this action. Third parties may designate information as Confidential or Highly Confidential - Attorneys' Eyes Only.

29. If a third party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Confidential Material, then any party to this action may seek to designate that third party's documents or categories of documents as Confidential Material. In that case, it will be the burden of the party seeking protected status to move for a court order designating the materials as Confidential Material after the parties confer.

30. In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

31. The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document designated Confidential Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

32. This Order shall remain in full force and effect until such time as it is

modified, amended, or rescinded by the Court.

**DONE this 16th day of June, 2025.**

**/s/ JAMES H ANDERSON**
**CIRCUIT JUDGE**

AlaFile E-Notice

03-CV-2025-900681.00

Judge: JAMES H ANDERSON

To: MARABLE MICHAEL JASON
mmarable@ggh-law.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MICHAEL J HARDY V. WAL-MART STORES EAST, LP
03-CV-2025-900681.00

The following matter was FILED on 6/17/2025 1:08:49 PM

Notice Date: 6/17/2025 1:08:49 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
6/17/2025 1:08 PM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| HARDY MICHAEL J, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.: CV-2025-900681.00 |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| Defendant. | ) | |

**ORDER**

This matter is hereby set for STATUS/SCHEDULING CONFERENCE on OCTOBER 2, 2025 at 2:30PM, Courtroom 3C, Montgomery County Courthouse.

**DONE this 17th day of June, 2025.**

**/s/ JAMES H ANDERSON**
**CIRCUIT JUDGE**

AlaFile E-Notice

03-CV-2025-900681.00

To: MARABLE MICHAEL JASON
mmarable@ggh-law.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MICHAEL J HARDY V. WAL-MART STORES EAST, LP
03-CV-2025-900681.00

The following discovery was FILED on 7/11/2025 10:17:23 AM

Notice Date: 7/11/2025 10:17:23 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
7/11/2025 10:17 AM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHAEL J. HARDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.: 03-CV-2025-900681.00** |
| | ) | |
| **WALMART STORES EAST, LP,** | ) | |
| **et al.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE OF SERVICE OF DISCOVERY DOCUMENTS**

TO: Circuit Court Clerk

Please take notice that the undersigned has served on counsel for all parties the following discovery documents:

- Plaintiff's Responses to Defendant Walmart Stores East, LP's First Interrogatories and Requests for Production of Documents.

Respectfully Submitted,
*/s/ Lauren A. Briscoe* ________
Lauren Alycee Briscoe (BRI 091)
Attorney for Plaintiff

**OF COUNSEL**
ALEXANDER SHUNNARAH TRIAL ATTORNEYS, P.C.
P.O. Box 321128
Birmingham, Alabama 35232
Phone: (205) 203-4406
Fax: (205) 203-4364
Email: lbriscoe@asilpc.com

**CERTIFICATE OF SERVICE**

I certify that on this date I have served a copy of the foregoing upon the following attorneys via U.S. Mail and/or the Alafile electronic filing system, on this 11th day of July, 2025.

Julie D. Pearce
Michale J. Marable
GAINES GAULT HENDRIX PC
361 Summit Boulevard/Suite 200
Birmingham, Alabama 35243
(205) 980-5888
jpearce@ggh-law.com
mmarable@ggh-law.com

**/s/ Lauren A. Briscoe**
**OF COUNSEL**

AlaFile E-Notice

03-CV-2025-900681.00

To: MICHAEL JASON MARABLE
mmarable@ggh-law.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MICHAEL J HARDY V. WAL-MART STORES EAST, LP
03-CV-2025-900681.00

The following discovery was FILED on 8/4/2025 2:32:58 PM

Notice Date: 8/4/2025 2:32:58 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
8/4/2025 2:32 PM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHAEL J. HARDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action Number 03-CV-2025-900681** |
| | ) | |
| **WAL-MART STORES EAST, LP, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE TO CLERK OF SERVING DISCOVERY**

TO: Circuit Court Clerk
Montgomery County Courthouse

Please take notice that the following discovery documents have been served on behalf of Defendant:

- **Defendant's Objections and Answers to Plaintiff's First Interrogatories and Objections and Responses to Plaintiff's Request for Production to Wal-Mart Stores East, LP**

Respectfully submitted,

/s/ Michael J. Marable
Julie D. Pearce (PEA032)
Michael J. Marable (MAR223)
Attorneys for Defendant
Wal-Mart Stores East, LP

**OF COUNSEL:**
GAINES GAULT HENDRIX PC
361 Summit Boulevard/Suite 200
Birmingham, Alabama 35243
(205) 980-5888
jpearce@ggh-law.com
mmarable@ggh-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by via email or by placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 4th day of August, 2025.

Lauren A. Briscoe
SHUNNARAH INJURY LAWYERS, P.C.
P.O. Box 321128
Birmingham, Alabama 35212

/s/ Michael J. Marable
OF COUNSEL

AlaFile E-Notice

03-CV-2025-900681.00

To: MICHAEL JASON MARABLE
mmarable@ggh-law.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MICHAEL J HARDY V. WAL-MART STORES EAST, LP
03-CV-2025-900681.00

The following discovery was FILED on 8/27/2025 10:00:05 AM

Notice Date: 8/27/2025 10:00:05 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
8/27/2025 10:00 AM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHAEL J. HARDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action Number 03-CV-2025-900681** |
| | ) | |
| **WAL-MART STORES EAST, LP, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE TO CLERK OF SERVING DISCOVERY**

TO: Circuit Court Clerk
Montgomery County Courthouse

Please take notice that the following discovery documents have been served on behalf of Defendant:

- **Defendant's Deposition Re-Notice to Plaintiff, Michael J. Hardy**

Respectfully submitted,

/s/ Michael J. Marable
Julie D. Pearce (PEA032)
Michael J. Marable (MAR223)
Attorneys for Defendant
Wal-Mart Stores East, LP

**OF COUNSEL:**
GAINES GAULT HENDRIX PC
361 Summit Boulevard/Suite 200
Birmingham, Alabama 35243
(205) 980-5888
jpearce@ggh-law.com
mmarable@ggh-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by via email or by placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 27th day of August, 2025.

Lauren A. Briscoe
SHUNNARAH INJURY LAWYERS, P.C.
P.O. Box 321128
Birmingham, Alabama 35212

/s/ Michael J. Marable
OF COUNSEL

ELECTRONICALLY FILED
8/27/2025 10:00 AM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHAEL J. HARDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action Number 03-CV-2025-900681** |
| | ) | |
| **WAL-MART STORES EAST, LP, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE OF TAKING DEPOSITION**

Please take notice that at the time, date and place indicated below, the Defendants will take the testimony by deposition upon oral examination of that party named. Such deposition shall be taken for the purpose of discovery or for use as evidence in this action pursuant to the Alabama Rules of Civil Procedure and shall be taken before a certified court reporter and notary public, or some other person who is authorized to administer oaths under the laws of the State of Alabama. The oral examination will continue from time to time until completed.

**DATE:** September 23, 2025

**TIME:** 10:00 a.m.

**DEPONENT:** Michael J. Hardy

**PLACE:** ALEXANDER SHUNNARAH TRIAL ATTORNEYS
2201 4th Avenue North
Birmingham, Alabama 35203

**COURT REPORTER:** Birmingham Court Reporting

Respectfully submitted,

/s/ Michael J. Marable
Julie D. Pearce (PEA032)
Michael J. Marable (MAR223)
Attorneys for Defendant
Wal-Mart Stores East, LP

**OF COUNSEL:**
GAINES GAULT HENDRIX PC
361 Summit Boulevard/Suite 200
Birmingham, Alabama 35243
(205) 980-5888
jpearce@ggh-law.com
mmarable@ggh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by via email or by placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 27th day of August, 2025.

Lauren A. Briscoe
SHUNNARAH INJURY LAWYERS, P.C.
P.O. Box 321128
Birmingham, Alabama 35212

/s/ Michael J. Marable
OF COUNSEL

ELECTRONICALLY FILED
8/27/2025 3:19 PM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front) Rev. 4/18 | **ORDER TO APPEAR (SUBPOENA)** | Cas<br>03-( |
|---|---|---|

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** ____________
☑ **MICHAEL J HARDY V. WAL-MART STORES EAST, LP**
**(For Juvenile cases only):**
☐ **In the Matter of** ____________

UNITED HEALTHCARE SERVICE, INC.

C/O CT CORPORATION SYSTEM
2 N. JACKSON ST. #605
MONTGOMERY, AL 36104

A. Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other ____________

**You may contact:** MICHAEL JASON MARABLE 361 Summit Blvd., Suite 200 Birmingham, AL 35243 (205) 402-4843

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:** 09/15/2025 09:00 AM
**ROOM:**
**ADDRESS:** Gaines, Gault Hendrix
361 Summit Blvd., Suite 200
Birmingham, AL 35243
**DATE ISSUED:** 8/27/2025

/s/ GINA J. ISHMAN
Signature of Court Clerk  Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or records must be completed within 15 days

This subpoena is for records only. You ARE NOT required to appear in court.

Please see attached Rule 45 subpoena & produce records to:
Gaines, Gault, Hendrix, PC
Attn: Darryl Hendrix
361 Summit Blvd, Ste. 200
Birmingham, Alabama 35243
dhendrix@ggh-law.com (email)
(205) 402-4802 (direct)
(205) 980-1098 (fax)

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this order on the above named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to ____________ on ____________

Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

Date Mailed

Sheriff  Deputy Sheriff

| Form C-13 (back) Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. “Serve” as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert’s opinion or information not describing specific events or occurrences in dispute and resulting from the expert’s study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
8/27/2025 3:19 PM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front) Rev. 4/18 | ORDER TO APPEAR (SUBPOENA) | Cas<br>03-( |
|---|---|---|

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

☐ State of Alabama
☐ Municipality of
☑ MICHAEL J HARDY V. WAL-MART STORES EAST, LP
(For Juvenile cases only):
☐ In the Matter of

HUMANA INSURANCE CO.

500 W. MAIN ST.
LOUISVILLE, KY 40202

A. Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other

**You may contact:** MICHAEL JASON MARABLE 361 Summit Blvd., Suite 200 Birmingham, AL 35243 (205) 402-4843

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:** 09/15/2025 09:00 AM
**ROOM:**
**ADDRESS:** Gaines, Gault Hendrix
361 Summit Blvd., Suite 200
Birmingham, AL 35243
**DATE ISSUED:** 8/27/2025

/s/ GINA J. ISHMAN
Signature of Court Clerk — Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or records must be completed within 15 days

This subpoena is for records only. You ARE NOT required to appear in court.

Please see attached Rule 45 subpoena & produce records to:
Gaines, Gault, Hendrix, PC
Attn: Darryl Hendrix
361 Summit Blvd, Ste. 200
Birmingham, Alabama 35243
dhendrix@ggh-law.com (email)
(205) 402-4802 (direct)
(205) 980-1098 (fax)

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this order on the above named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to
____________________ on ____________________

Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

Date Mailed

Sheriff — Deputy Sheriff

| Form C-13 (back) Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. “Serve” as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert’s opinion or information not describing specific events or occurrences in dispute and resulting from the expert’s study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

Case 2:25-cv-01001-CWB Document 1-2 Filed 12/18/25 Page 103 of 112
ELECTRONICALLY FILED
8/27/2025 3:19 PM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

State of Alabama
Unified Judicial System
Form C-13 (front) Rev. 4/18

**ORDER TO APPEAR (SUBPOENA)**

Cas
03-(

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** ______
☑ **MICHAEL J HARDY V. WAL-MART STORES EAST, LP**
**(For Juvenile cases only):**
☐ **In the Matter of** ______

EXTENDED ARM PHYSICIANS

1725 W. 4TH STREET
MONTGOMERY, AL 36106

A. Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other ______

**You may contact:** MICHAEL JASON MARABLE 361 Summit Blvd., Suite 200 Birmingham, AL 35243 (205) 402-4843

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:** 09/15/2025 09:00 AM
**ROOM:**
**ADDRESS:** Gaines, Gault Hendrix
361 Summit Blvd., Suite 200
Birmingham, AL 35243
**DATE ISSUED:** 8/27/2025

/s/ GINA J. ISHMAN
Signature of Court Clerk — Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records must be completed within 15 days

This subpoena is for records only. You ARE NOT required to appear in court.

Please see attached Rule 45 subpoena & produce records to:
Gaines, Gault, Hendrix, PC
Attn: Darryl Hendrix
361 Summit Blvd, Ste. 200
Birmingham, Alabama 35243
dhendrix@ggh-law.com (email)
(205) 402-4802 (direct)
(205) 980-1098 (fax)

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this order on the above named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to ______ on ______

Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

Date Mailed

Sheriff — Deputy Sheriff

**Form C-13 (back) Rev.4/18** | **ORDER TO APPEAR (SUBPOENA)**

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. “Serve” as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert’s opinion or information not describing specific events or occurrences in dispute and resulting from the expert’s study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
8/27/2025 3:19 PM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

State of Alabama
Unified Judicial System
Form C-13 (front) Rev. 4/18

**ORDER TO APPEAR (SUBPOENA)**

Cas
03-(

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

☐ State of Alabama
☐ Municipality of ______
☑ MICHAEL J HARDY V. WAL-MART STORES EAST, LP
(For Juvenile cases only):
☐ In the Matter of ______

CENTER FOR PAIN MONTGOMERY E.

488 ST. LUKES DR.
MONTGOMERY, AL 36117

A. Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other ______

**You may contact:** MICHAEL JASON MARABLE 361 Summit Blvd., Suite 200 Birmingham, AL 35243 (205) 402-4843

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:** 09/15/2025 09:00 AM
**ROOM:**
**ADDRESS:** Gaines, Gault Hendrix
361 Summit Blvd., Suite 200
Birmingham, AL 35243
**DATE ISSUED:** 8/27/2025

/s/ GINA J. ISHMAN
Signature of Court Clerk Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or records must be completed within 15 days

This subpoena is for records only. You ARE NOT required to appear in court.

Please see attached Rule 45 subpoena & produce records to:
Gaines, Gault, Hendrix, PC
Attn: Darryl Hendrix
361 Summit Blvd, Ste. 200
Birmingham, Alabama 35243
dhendrix@ggh-law.com (email)
(205) 402-4802 (direct)
(205) 980-1098 (fax)

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this order on the above named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to ______
______ on ______

Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

Date Mailed

Sheriff Deputy Sheriff

**Form C-13 (back) Rev.4/18** | **ORDER TO APPEAR (SUBPOENA)**

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

AlaFile E-Notice

03-CV-2025-900681.00

Judge: JAMES H ANDERSON

To: PEARCE JULIE ELIZABETH DA
jpearce@gghblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MICHAEL J HARDY V. WAL-MART STORES EAST, LP
03-CV-2025-900681.00

The following matter was FILED on 10/2/2025 3:41:40 PM

Notice Date: 10/2/2025 3:41:40 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
10/2/2025 3:41 PM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| HARDY MICHAEL J,<br>Plaintiff, | ) | |
| V. | ) | Case No.: CV-2025-900681.00 |
| WAL-MART STORES EAST, LP,<br>Defendant. | ) | |

**ORDER**

**JURY TRIAL SETTING, SCHEDULING AND PREPARATION ORDER**

To establish and facilitate the orderly progression of this case to trial and final disposition, the Court does now **ORDER** and **DIRECT** as follows:

1. This case is set for Jury Trial on **OCTOBER 26, 2026** at 9:00A.M. in Courtroom 3C of the Montgomery County Courthouse. The parties or their attorneys are **ORDERED** to be present.

2. All discovery initiatives pursuant to the Alabama Rules of Civil Procedure shall be begun so that discovery will be completed no later than **42 DAYS** before the above designated trial date.

   MOTIONS FOR SUMMARY JUDGMENT AND MOTION TO REQUIRE MEDIATION SHALL NOT BE FILED LATER THAN 35 DAYS PRIOR TO SAID TRIAL DATE.

3. A pre-trial conference, pursuant to A.R.C.P Rule 16, is set for hearing before this Court on **OCTOBER 5, 2026** at 1:30PM.

   The scope of said pre-trial conference being a consideration of the matters provided in A.R.C.P. Rule 16, including the limitation of issues requiring trial, rulings on pending motions, and settlement possibilities. The pre-trial conference may be handled by telephonic means. Any party wishing to handle the pre-trial conference by telephone will be responsible for contacting the Court and other parties to make the necessary arrangements.

   Counsel attending the pre-trial conference are expected to be well informed about the factual and legal issues of the case and to have authority to enter appropriate stipulations and participate in settlement discussions. Counsel appearing at the conference may be required to proceed at trial notwithstanding the naming of other as designated trial

counsel.

No later than thirty (30) days prior to the scheduled pre-trial conference, Plaintiff's counsel is to initiate discussions with other counsel aimed at ascertaining which basic facts are not really in dispute, clarifying the parties' contentions (for example, just what is denied under a "general denial") and negotiating workable procedures and deadlines for remaining discovery matters. At least four (4) days in advance of the conference, Plaintiff's counsel is to submit to the Judge's office (not to the Court Clerk) a proposed pre-trial order, furnishing other counsel with a copy. It is anticipated that the proposed order, with only minor insertions and changes, could be adopted by the Court and signed at the close of the hearing.

4. Not later than sixty (60) days before the above designated trial date, the parties are required to exchange the names and addresses of all expert witnesses who they intend to call, together with an adequate summary designating the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

5. Not later than fourteen (14) days before the above designated trial date, parties are required to exchange the names and addresses of all other non-expert witnesses whom they intend to call, except rebuttal witnesses whose testimony cannot be anticipated before the time of trial.

6. Not later than fourteen (14) days before the above designated trial date, the parties are required to furnish each other either original documents and exhibits, or copies of original documents and exhibits, which will be offered into evidence during the trial of this cause.

7. All documents and instruments in writing which are to be offered in evidence as exhibits shall be deemed to be authentic, and any signatures thereon to be genuine, and copies are to be received in evidence in lieu of the original, unless the opposing party files written objection thereto with the Clerk of this Court at least seven (7) days before the above designated trial date. All objections to such documents and instruments on any ground other than authenticity, genuineness of signature, and best evidence rule, shall be reserved for ruling at the trial of this case, and need not be made prior to trial.

8. Photographs, videos, tapes, or other electronically recorded evidence, or copies thereof, furnished by one party to the other in advance of the trial pursuant to this Order shall be admitted to accurately portray the scene therein depicted, and documents purporting to be correspondence, or copies thereof, which are furnished by one party to the other in advance of the trial pursuant to this Order will be deemed and admitted to have been sent by the purported sender and received by the purported recipient on approximately the date shown or in accordance with customary delivery schedules, unless the opposing party files written objection thereto with the Clerk of this Court at least three (3) days before the above designated trial date.

9. Failure to comply with the foregoing Orders, absent good cause, shall subject the non-complying party to an Order excluding from the evidence the testimony of the witness not disclosed or the exhibit or copy thereof not produced. Rebuttal or impeachment shall not be considered "good cause" if the evidence or testimony offered for rebuttal or impeachment could reasonably have been used in the non-complying party's principal case.

10. Any motions to continue shall be filed with the Clerk's office no later than twenty-eight (28) days prior to the trial date.

11. Any motions in limine and other pre-trial motions shall be filed with the Court (i.e., with the trial judge) no later than the call of the pretrial docket.

12. All requested written jury instructions shall be submitted to the Court (i.e., to the trial Judge) not later than the close of opening statements, subject to the right of any party to supplement the written requested instructions during the course of the trial on matters which cannot be reasonably anticipated.

13. The attorneys are encouraged to contact each other and to explore settlement possibilities as soon as possible, and again after all discovery has been completed, and are asked to notify the Court promptly in the event a settlement is reached.

14. In the event the trial of this case should be hereafter continued, all discovery and pre-trial information exchange deadlines shall be automatically extended, based upon the new trial date.

    PLEASE NOTE THAT FAILURE TO COMPLY WITH THE PRE-TRIAL ORDER IN THIS CASE CAN RESULT IN DISMISSAL AND OTHER SANCTIONS. PLEASE MARK THE DATES SET OUT ON YOUR CALENDAR NOW AND NOTIFY ME IMMEDIATELY OF ANY CONFLICTS.

15. The parties are encouraged by the Court to consider a settlement of this case through mediation (A.R.C.P. Rule 16 (6)).

**DONE this 2nd day of October, 2025.**

**/s/ JAMES H ANDERSON**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
12/10/2025 5:06 PM
03-CV-2025-900681.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

28001.201 MJM

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MICHAEL J. HARDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action Number 03-CV-2025-900681** |
| | ) | |
| **WAL-MART STORES EAST, LP, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE OF SERVICE OF DISCOVERY**

Please take notice that the undersigned counsel for the Defendant has on this date served all parties with the following:

**Notices of Intent to Serve Subpoena on a Non-Party**:

1) *Adams Drugs*
2) *Verizon 9992*
3) *Verizon 3810*

Dated this 10th day of December, 2025

**/s/ Michael J. Marable______**
Michael J. Marable (MAR223)
Attorney for Defendant(s)

OF COUNSEL:
GAINES GAULT HENDRIX, P.C.
361 Summit Blvd., Suite 200
Birmingham, Alabama 35243
(205) 980-5888 (tel)
(205) 980-1098 (fax)
mmarable@ggh-law.com

28001.201 MJM

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing, along with the above-described Notices of Intent and proposed Subpoenas, has been served via email upon the following counsel of record on this date:

**Counsel for Plaintiff:**
**Lauren A. Briscoe (BRI091) lbriscoe@asilpc.com**
**SHUNNARAH INJURY LAWYERS, P.C.**
**P.O. Box 321128**
**Birmingham, AL 35212**
**205-203-4406**

**DATED:** **December 10, 2025**

**/s/ Michael J. Marable**
OF COUNSEL